UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HECTOR SANTIAGO                    :          DOCKET NO. 15-cv-314
    B.O.P. # 55424-066

VERSUS                             :          JUDGE MINALDI

B. CLAY                            :          MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

    Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Hector Santiago ("Santiago"). Santiago is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"). However, his petition is based on events that occurred while he was incarcerated at the Federal Correctional Center in Petersburg, Virginia.[1]

    This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

I.
BACKGROUND

    Santiago seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other sanctions. Doc. 1, p. 4. Santiago was charged with fighting with another inmate. Doc. 5, att. 1, p. 1. Santiago claims that the incident was verbal

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since Santiago was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *Id.*; 28 U.S.C. § 2241(d).

- 1 -

and was resolved without a physical altercation. Doc. 5, p. 2. He alleges that the incident report

stating that there was a physical altercation is fabricated. *Id.*

The charged offense was referred to the Disciplinary Hearing Officer ("DHO"). On

October 31, 2013, a hearing was held before the DHO who found that Santiago did commit the

prohibited act. Doc. 5, att. 1, pp. 1–3. Santiago's sanctions included, among other things, loss of

27 days of good time credit.[2] *Id.* at 2. Santiago provided documentation showing that he appealed

the DHO's findings at every level. *Id.* at 8–12.

Santiago alleges a lack of evidence to support the DHO's finding that he committed a

prohibited act. Doc. 1, p. 4. He states that:

> the DHO abused his discretion . . . in finding him guilty of 'fighting' when
> the only evidence was the reporting officer's own statement that a verbal
> agreement [*sic*] took place and the eyewitness statements (two) which
> confirmed such, in addition to the fact that the petitioner voluntarily walked
> out of the T.V. room to avoid any possible confrontation . . . .

*Id.* As relief he asks that this incident be expunged from his record.[3]  Doc. 5, p. 1.

## II.
### LAW AND ANALYSIS

Santiago seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the

writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the

Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Here Santiago

claims that he was wrongfully deprived of good-time credits and other privileges.

---

[2] The other sanctions included ten days in disciplinary segregation with another thirty days of disciplinary segregation suspended pending clear conduct. Doc. 5, att. 1, p. 2. Santiago also lost three months of commissary privileges. *Id.*

[3] On July 7, 2015, this court granted Santiago's request for leave [doc. 2] to "include a supplemental citation in light of *Johnson v. United States*," ––– U.S. –––, 2015 WL 2473450 (2015). Doc. 3. However, in his response to this court's memorandum order [doc. 4] instructing him to amend his petition to include needed information/documentation, he conceded that *Johnson* was inapplicable to the instant case. Doc. 5, p. 2.

### A. *Miscellaneous Sanctions*

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995) (no liberty interest protecting against a 30 day period of disciplinary segregation) with *Wilkinson v. Austin*, 125 S.Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause). The Fifth Circuit has also decided that adjustments to a prisoner's classification and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Because the sanctions named above do not implicate a protected liberty interest, Santiago cannot show that he is entitled to *habeas corpus* relief from these punishments.

### B. *Loss of Good Time Credits*

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the

ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

Courts will not review a disciplinary hearing officer's factual findings *de novo.* Instead the courts will only consider whether the decision is supported by "a modicum of evidence." *Hill,* 105 S.Ct. at 2773–74. Accordingly, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–37.

In this case the DHO considered the following: (1) the incident report; (2) the investigation; (3) six photographs of the injuries sustained by both inmates involved in the incident; (4) medical assessments of both inmates; and (5) Santiago's statement "I have had other altercations him. We started cursing. We went to grabbing on each other and somebody got between us." Doc. 5, att. 1, pp. 1–2. Based on a review of the above information, the hearing officer found Santiago guilty of the charged offense. *Id.* at 2. Given the wide range of information relied upon by the DHO, there is no question that the "some evidence" standard was met.

Accordingly, Santiago's claim of insufficient evidence offers no basis for federal *habeas* relief. He does not allege that he was otherwise denied due process in regard to the DHO hearing. Thus he has failed to show that a constitutional violation occurred and his claims should be denied.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 25th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE